UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| HEALTHCARE FACILITY MANAGEMENT LLC, d/b/a CommuniCare Family of Companies, | Case No. 1:23-cv-248 |
| Plaintiff, | Barrett, J. |
| v. | Bowman, M.J. |
| SHERRA MAY VEGA, | |
| Defendant. | |

### REPORT AND RECOMMENDATION

This Report and Recommendation addresses a motion to remand currently pending before this Court. For the reasons stated, the motion to remand this case to state court should be GRANTED.

**I.    Procedural Background**

Plaintiff Healthcare Facility Management LLC, doing business as CommuniCare Family of Companies ("CFC") filed a complaint in the Hamilton County Court of Common Pleas on October 25, 2022, seeking monetary damages "in excess of $50,000.00" plus punitive damages, attorney fees, costs and interest, for breach of contract, unjust enrichment, and fraud against its former employee, Sherra May Vega. Plaintiff alleges that Defendant violated contractual provisions that required her to work for thirty-six months in order to pay off a debt based upon immigration costs that CFC paid on her behalf in connection with her relocation to the United States from the Republic of the Philippines.

On May 1, 2023, Defendant Vega filed a Notice of Removal in this Court.  On May 31, 2023, CFC moved to remand back to state court on grounds that Defendant Vega

failed to file her Notice of Removal within thirty (30) days of ascertaining removability. (Doc. 14).

The presiding district judge has referred this case to the undersigned "to rule upon all non-dispositive pretrial motions" and "to report to the Court her recommended disposition of all dispositive pretrial motions." (Doc. 11). In addition to the motion to remand,[1] the parties have filed several non-dispositive motions: (1) Vega's Motion to Stay state court proceedings; (2) CFC's motion to strike a letter filed in state court; and (3) Vega's motion to consolidate this case with a related case filed in this Court. *See Villarin v. HealthCare Facility Management, LLC, d/b/a CommuniCare Family of Companies*, Case No. 1:23-cv-97-MRB. For the following reasons, the undersigned recommends granting the motion to remand. A separate order addresses the pending non-dispositive motions.

## II. Analysis

### A. The Notice of Removal is Untimely

CFC's motion to remand was timely filed. *See* 28 U.S.C. § 1447(c) (stating that a motion to remand for any defect other than subject matter jurisdiction must be filed within thirty days of the Notice of Removal). In contrast, CFC argues that Vega's Notice of Removal was not timely filed. Defendant Vega has failed to file any opposition to Plaintiff's motion, which is well-taken.

The removing party bears the burden of establishing federal subject matter jurisdiction. *See Smith v. Nationwide Property and Cas. Ins. Co.*, 505 F.3d 401, 405 (6th

---

[1] A motion to remand is dispositive. *See Vogel v. U.S. Office Products Co.*, 258 F.3d 509, 517 (6th Cir. 2001).

Cir. 2007). Pursuant to the operative removal provision, 28 U.S.C. § 1446(b)(1), "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading…." *See generally*, *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 119 S.Ct. 1322, 1324 (1999) (statute requires receipt of complaint and service of summons in order to start the 30-day clock for removal).

Only a few exceptions to the 30-day time limit exist, such as when the existence of federal jurisdiction is not apparent at the outset of the case. In that instance, 28 U.S.C. §1446(b)(3) provides: "Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant… of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is … removable."

In this case, CFC initiated suit in state court on October 25, 2022; Defendant acknowledged receipt of service of the complaint on October 29, 2022. (Doc. 1 at PageID 1, ¶ 1). Therefore, so long as this Court's original jurisdiction was readily ascertainable, Vega was required to file her Notice of Removal not later than November 28, 2022. *See* 28 U.S.C. § 1446(b). Instead of removing the case by that deadline, Defendant litigated the case in state court for six months. She filed her answer to the complaint as well as a counterclaim on January 10, 2023, submitted a joint discovery plan, attended conferences in state court, and briefed a motion to stay the state court proceedings. It was not until May 1, 2023 - five months beyond the expiration of the presumptive thirty-day deadline - that she filed a Notice of Removal.

Defendant's Notice of Removal cites to 28 U.S.C. § 1441 as the basis for removal.

3

(Doc. 1 at 2, PageID 2). Under 28 U.S.C. § 1441(a), "any civil action brought in a state court of which the district courts of the United States have original jurisdiction may be removed by the defendant or the defendants to the district court of the United States… where such action is pending." The Notice asserts the existence of original jurisdiction based on diversity because the parties are citizens of different states, and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs." 28 U.S.C. § 1332(a). The undersigned finds that diversity jurisdiction exists based upon the clear allegations contained in the original complaint.

Asserting that her Notice "is filed within one year of the commencement of the State Court Action," Defendant claims that it "*is timely….pursuant to § 1446(c)(1)*." (Doc. 1, emphasis added). Defendant is misinformed. Although § 1446(c)(1) allows up to one year for the removal of some cases, it does not apply to this case, where it is readily ascertainable from the original pleading that the case was removable. In other words, consistent with § 1446(b)(3), 28 U.S.C. § 1446(c)(1) applies only when a case that is *not* initially removable later becomes removable based upon an amended pleading that includes new grounds for the exercise of diversity jurisdiction. Even then, the Notice of Removal *still* must be filed within thirty days of service of the *amended pleading*. *Id*.; *see also* 28 U.S.C. § 1446(b)(3).

Here, the concurrent existence of federal jurisdiction was evident when this case was initiated. Contrary to Defendant's belief, 28 U.S.C. § 1446(c)(1) offers no basis for extending her 30-day deadline for filing the Notice of Removal. Therefore, her Notice of Removal was untimely and removal is improper. "Although not jurisdictional, the thirty-day period for removal is mandatory and must be strictly applied." *City of Albion v.*

4

*Guaranty Nat. Ins. Co.*, 35 F.Supp.2d 542, 544 (W.D.Mich.1998)

### B. The Propriety of Attorney's Fees for Improper Removal

In addition to seeking remand based upon the procedurally improper removal, Plaintiff seeks an award of its fees and expenses pursuant to 28 U.S.C. § 1447(c). Such awards are discretionary. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." *Id*. The undersigned appreciates Plaintiff's frustration with the two-month delay occasioned by the improper removal of this case. On the other hand, Defendant ostensibly proceeds pro se, and alleges in her counterclaim against Plaintiff that she is "of limited financial means." (Doc. 3 at 29, ¶ 183, PageID 216).

Notably, however, Defendant's Answer and Counterclaim admits that she has been "assisted by volunteer lawyer Felix Vinluan, Esq. of Felix Vinluan, P.C. in the drafting and preparation of this Answer with Counterclaims." (Doc. 3 at 1, n.1, PageID 188).[2] Mr. Vinluan was granted pro hac vice status to represent the lead plaintiff in a putative class action that was filed in this Court on February 17, 2023, *Villarin v. Health Care Facility Mgmt. LLC*, Case No. 1:23-cv-97-MRB. But admission pro hac vice is on a case-by-case basis and Mr. Vinluan has not sought admission to practice in this case.

The possibility that counsel and not the pro se Defendant authored the improper Notice of Removal adds an extra measure of difficulty to the determination of whether an award of fees is appropriate. On the one hand, the "pro se" Defendant is the individual who actually signed the Notice of Removal and other documents in this case. And pro se

---

[2]Plaintiff further states that "Mr. Vinluan volunteers for MEMS (Mission to End Modern Slavery), a New York City-based non-profit organization." (*Id*.)

filings are often afforded an extra measure of liberality, even though pro se filers remain subject to all applicable civil rules of procedure, including Rule 11, Fed. Civ. R. P.

On the other hand, if Mr. Vinluan is "ghost-writing" for Plaintiff, it amounts to a misrepresentation of who is litigating the case. *See Kelly v. First Data Corporation*, Case No: 1:19-cv-372, 2020 WL 419440, at *13 (S.D. Ohio Jan. 27, 2020) (declining to construe complaint liberally based upon implicit misrepresentation of pro se status); *Evangelist v. Green Tree Servicing, LLC*, Case No. 12–15687, 2013 WL 2393142 at *3 (E.D. Mich. May 31, 2013) (expressing the view that ghostwriting is unethical and should be subject to serious sanctions).

> The federal courts have almost universally condemned ghostwriting. *See, e.g., Duran v. Carris,* 238 F.3d 1268, 1272–73 (10th Cir.2001) (finding that ghostwriting constitutes a "misrepresentation to this court"); *Ellis v. Maine,* 448 F.2d 1325, 1328 (1st Cir.1971) ("If a brief is prepared in any substantial part by a member of the bar, it must be signed by him."); *Delso v. Trustees For Ret. Plan For Hourly Employees of Merck & Co., Inc.,* Case. No. CIVA 04–3009 AET, 2007 WL 766349 (D.N.J. Mar.6, 2007) (holding that undisclosed ghostwriting violates several ethics rules and the spirit of Fed.R.Civ.P. 11); *Wesley v. Don Stein Buick, Inc.,* 987 F.Supp. 884, 887 (D.Kan.1997) (requiring *pro se* defendant to disclose whether she was represented by attorney); *Laremont–Lopez v. Se. Tidewater Opportunity Ctr.,* 968 F.Supp. 1075, 1077 (E.D.Va.1997) ("[T]he Court considers it improper for lawyers to draft or assist in drafting complaints or other documents submitted to the Court on behalf of litigants designated as *pro se*."); *United States v. Eleven Vehicles,* 966 F.Supp. 361, 367 (E.D.Pa.1997) ("Important policy considerations militate against validating an arrangement wherein a party appears *pro se* while in reality the party is receiving legal assistance from a licensed attorney."); *Johnson v. Bd. of County Commis,* 868 F.Supp. 1226, 1232 (D.Colo.1994) ("Having a litigant appear to be *pro se* when in truth an attorney is authoring pleadings and necessarily guiding the course of the litigation with an unseen hand is ingenuous to say the least; it is far below the level of candor which must be met by members of the bar."); *In re Brown,* 354 B.R. 535, 545 (Bankr.N.D.Okla.2006) ("[I]f an attorney writes a pleading, he or she has a duty to make sure that the Court knows he or she wrote it. The Court is not required to play a game of 'catch-me-if-you-can' with a ghostwriter. All counsel owe a duty of candor to every court in which they appear. Inherent in that duty is the requirement that counsel disclose his or her involvement

in the case."); *In re Mungo,* 305 B.R. 762, 767 (Bankr.D.S.C.2003) ("The act of anonymously drafting pleadings for which a client appears and signs *pro se* is often termed 'ghost-writing.' ... [T]he Court recognizes the act of ghost-writing as ... in contravention of the policies and procedures set forth in ... the Federal Rules of Civil Procedure."); *Ostrovsky v. Monroe (In re Ellingson),* 230 B.R. 426, 435 n. 12 (Bankr.D.Mont.1999) (holding that court rules, particularly Fed.R.Civ.P. 11, as well as ABA Standing Committee Opinion 1414, prohibit ghostwriting).

*Evangelist,* 2013 WL 2393142 at *3. n.6.

The undersigned remains concerned that unseen counsel not admitted to practice in this district may have been the driving force behind the improper Notice of Removal, though the evidence remains circumstantial.[3] For that reason, the undersigned declines to recommend the imposition of fees and expenses against the named Defendant.

### III. Conclusion and Recommendation

Accordingly, **IT IS RECOMMENDED THAT** Plaintiff's motion to remand to state court (Doc. 14) be **GRANTED** and that this case be remanded to the Hamilton County Court of Common Pleas, but that Plaintiff's request for fees and expenses be **DENIED**.

    *s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

---

[3] Equally improper Notices of Removal were filed on May 1, 2023 in four other "pro se" cases, including Case Nos. 1:23-cv-246-MRB-SKB, 1:23-cv-247-MRB-SKB, 1:23-cv-249-MRB-SKB, and 1:23-cv-250-MRB-SKB. Other virtually identical documents, including motions to consolidate the various cases with Case No. 1:23-cv-97-MRB, also have been filed in the referenced cases, as well as in related Case No. 1:23-cv-236-MRB-SKB. In the latter case alone, the Defendant timely filed his Notice of Removal within the requisite 30-day period of service of the initial complaint in state court.

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| HEALTHCARE FACILITY MANAGEMENT LLC, d/b/a CommuniCare Family of Companies, | Case No. 1:23-cv-248 |
| Plaintiff, | Barrett, J. |
| | Bowman, M.J. |
| v. | |
| SHERRA MAY VEGA, | |
| Defendant. | |

**NOTICE**

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).